Filed 12/20/24  P. v. Torres CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ROBERTO TORRES,<br><br>      Defendant and Appellant. | G064118, G064120<br><br>(Super. Ct. Nos. FVI00984 & FVI01750)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of San Bernardino County, Charlie Hill, Judge. Affirmed.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

Roberto Torres appeals from the trial court's postjudgment orders denying two motions to vacate pursuant to Penal Code section 1473.7.[1] Torres has not demonstrated prejudicial error, and we affirm the orders.

FACTS

Three decades ago, Torres was charged with crimes through two separate criminal complaints. First, he was charged in October 1993 with possession of methamphetamine and marijuana (the 1993 case). Then he was charged in June 1994 with possession of rock cocaine (the 1994 case).

Later in June 1994, Torres entered a plea agreement in the 1993 case to plead guilty to one felony violation of Health and Safety Code section 11377, subdivision (a), for possessing a controlled substance (the possession conviction). The trial court accepted his plea and dismissed the remaining charge in the 1993 case as well as the charge in the 1994 case. The court sentenced Torres to serve 121 days in jail and submit to formal probation for three years.

In 2016, Assembly Bill No. 813 enacted section 1473.7 to provide a mechanism for vacating certain convictions and sentences. (Stats. 2016, ch. 739, §1.) Relevant here, the statute allows a conviction or sentence to be vacated based on the defendant's "[in]ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1); see Stats. 2021, ch. 420, § 1 [Assembly Bill No. 1259 expanding scope of § 1473.7 to any qualifying "conviction or sentence" from "plea of guilty or nolo contendere"].)

_____

[1] All further undesignated statutory references are to the Penal Code.

2

In 2017, Torres moved to vacate the possession conviction based on section 1473.7. Before any ruling on the motion, the parties stipulated to vacatur as part of a plea agreement. Specifically, Torres signed an August 2018 plea agreement form agreeing to plead nolo contendere to an added count 3 that alleged a misdemeanor battery violation. (§ 242.)

The trial court accepted the terms of the form, vacated the possession conviction, allowed the addition of count 3, accepted Torres's plea to the count, and found him guilty of battery (the battery conviction). The prosecutor moved to dismiss counts 1 and 2 and the court ordered them dismissed, pursuant to section 1385. Then defense counsel moved to have count 3 dismissed pursuant to section 1203.4 and the court granted the motion.

In 2023, Torres filed additional motions pursuant to section 1473.7, subdivision (a)(1), in both the 1993 case and the 1994 case. In support, his counsel in the trial court filed respective declarations by Torres. Both asserted facts relating to Torres's 1994 plea bargain agreement in the 1993 case but neither discussed facts related to his 2017 motion to vacate his conviction nor his 2018 plea agreement that resolved the motion.

The trial court denied both of Torres's 2023 motions without prejudice. For the motion in the 1993 case, the court concluded that "[t]he same motion was already brought in 2017 and granted in August of 2018." For the motion in the 1994 case, the court concluded that "there [was] never a conviction in the case." Torres separately appealed both orders pursuant to section 1473.7, subdivision (f), and the appeals have been consolidated for our review.

3

DISCUSSION

Torres's appellate counsel requests us to reverse the trial court's 2023 denial orders and remand with instructions for the court to: "(1) [g]rant [Torres]'s section 1473.7 motion in the 1993 case"; and "(2) [d]ismiss [Torres]'s section 1473.7 motion in the 1994 case . . . as moot[, but only] after making a finding in its written order that" the 1994 case "was dismissed in its entirety without plea or conviction."

We agree with the parties that we must independently review the trial court's decision on whether to grant section 1473.7 relief. (*People v. Vivar* (2021) 11 Cal.5th 510, 527.) The statute provides a framework that specifies, inter alia, the movant's burden for obtaining vacatur (§ 1473.7, subd. (e)(1)) as well as finding requirements for certain issues resolved by the court (§ 1473.7, subds. (e)(4) [for claim of adverse immigration consequences] & (g) [for claim of ineffective assistance of counsel regarding immigration consequences]).

For both rulings challenged in this appeal, the trial court, in 2023, failed to make a necessary finding as required by section 1473.7, subdivision (e)(4). The subdivision states in relevant part that "[w]hen ruling on a motion under paragraph (1) of subdivision (a), the only finding that the court is required to make is whether the conviction is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (e)(4).)

Notwithstanding the absence of the necessary finding, we conclude it was harmless because Torres's declarations and briefing for his

4

2023 motions lacked information about the battery conviction in 2018. For example, his trial court briefing in both cases asserted only that he was "removable" and "inadmissible" to this country "[a]s a result of having a [1994] conviction for a law relating to a controlled substance."

We need not decide whether harmlessness should be analyzed under *Chapman v. California* (1967) 386 U.S. 18 or *People v. Watson* (1956) 46 Cal.2d 818 because undisputed facts in the record show harmlessness under both standards. There is no meaningful way to assess the factual merit of essential points, most importantly that some event or events in the 2018 timeframe "damage[ed]" his "ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subds. (a)(1) & (e)(4).) Torres conclusorily asserts on appeal that he "clearly did not understand his 2018 plea to misdemeanor battery would have adverse immigration consequences." Facially, the assertion fails because it does not demonstrate what immigration consequences could follow from a misdemeanor battery. Then, even assuming arguendo that Torres means to more generally address the disposition in 2018, he presents no evidence to corroborate the statutory merits of his assertion. (*People v. Vivar, supra*, 11 Cal.5th at p. 530.)

The lack of factual allegations presented to the trial court shows that the court's denial rulings for Torres's 2023 motions reached the correct results, despite the lack of necessary findings in the rulings. We note that we have not assessed the substantive merits of any claim for relief related to the

battery conviction.[2] Our narrow conclusion is that facts material to any such claim were not presented by Torres's trial court counsel.

DISPOSITION

The postjudgment orders are affirmed.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

MOTOIKE, J.

---

[2] We note that the parties and trial court all agree there was no conviction in the 1994 case.

6